UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
DEWAYNE GRIFFIN,

                                    Plaintiff,

**ANSWER OF DEFENDANT MICHAEL SIMMONDS WITH CROSS-CLAIMS**

-against-

23-cv-9072(RER)(JRC)

THE CITY OF NEW YORK, DET. MICHAEL
SIMMONDS in his individual and official
capacities, SGT. NICHOLAS LOWETH, P.O., in
his individual and official capacities, JAVIER
COLON, in his individual and official capacities
P.O. CESIA HERRERA, in her individual and
official capacities, P.O. NAVDEEP KAMBOJ, in
his individual and official capacities, P.O. RYAN
LAMBERT, in his individual and official
capacities, P.O. MICHAEL ROSSIDES, in his
individual and official capacities, AND OTHER
AS-YET-UNKNOWN POLICE OFFICERS &
SUPERVISORS JOHN AND JANE DOES# 1-
10, in their individual and official capacities,

                                    Defendants.
-------------------------------------------------------------------------X

      Defendant, Detective ("Det.") MICHAEL SIMMONDS, by his attorneys, KARASYK &

MOSCHELLA, LLP, as and for an Answer to Plaintiff's Complaint and Jury Demand, respectfully

sets forth as follows:

## **AS AND FOR AN ANSWER TO THE PRELIMINARY STATEMENT**

1.     Deny the allegations contained in paragraph 1 of the Complaint.

2.     Deny the allegations contained in paragraph 2 of the Complaint.

3.     Admit that the driver of the red Ford Mustang was Defendant MICHAEL SIMMONDS,

and deny the remainder of the allegations contained in paragraph 3 of the Complaint.

1

4.    Deny the allegations contained in paragraph 4 of the Complaint as they may relate to defendant MICHAEL SIMMONDS.

## AS AND FOR AN ANSWER TO JURISDICTION

5.    Deny knowledge or information sufficient to form a belief as to the truth of the statements contained in paragraph 5 of the Complaint and refers all questions of law to the Court.

6.    Deny knowledge or information sufficient to form a belief as to the truth of the statements contained in paragraph 6 of the Complaint and refers all questions of law to the Court.

7.    Deny knowledge or information sufficient to form a belief as to the truth of the statements contained in paragraph 7 of the Complaint and refers all questions of law to the Court.

8.    Deny knowledge or information sufficient to form a belief as to the truth of the statements contained in paragraph 8 of the Complaint and refers all questions of law to the Court.

9.    Deny knowledge or information sufficient to form a belief as to the truth of the statements contained in paragraph 9 of the Complaint and refers all questions of law to the Court.

10.    Deny knowledge or information sufficient to form a belief as to the truth of the statements contained in paragraph 10 of the Complaint and refers all questions of law to the Court.

11.    Deny knowledge or information sufficient to form a belief as to the truth of the statements contained in paragraph 11 of the Complaint and refers all questions of law to the Court.

12.    Deny knowledge or information sufficient to form a belief as to the truth of the statements contained in paragraph 12 of the Complaint and refers all questions of law to the Court.

## AS AND FOR AN ANSWER TO VENUE

13.    Admit that venue is properly laid in the Eastern District of New York.

## AS AND FOR AN ANSWER TO JURY DEMAND

14.     Deny knowledge or information sufficient to form a belief as to the truth of the statements contained in paragraph 14 of the Complaint and refers all questions of law to the Court.

## AS AND FOR AN ANSWER TO PARTIES

15.     Deny knowledge or information sufficient to form a belief as to the truth of the statements contained in paragraph 15 of the Complaint.

16.     Admit that Defendant Det. Michael Simmonds is a duly appointed officer of the NYPD, otherwise deny the remainder of the allegations contained in paragraph 16, and respectfully refer the question of "color of law" and "scope of employment" to the court for future consideration.

17.     Deny knowledge or information sufficient to form a belief as to the truth of the statements contained in paragraph 17 of the Complaint.

18.     Deny knowledge or information sufficient to form a belief as to the truth of the statements contained in paragraph 18 of the Complaint.

19.     Deny knowledge or information sufficient to form a belief as to the truth of the statements contained in paragraph 19 of the Complaint.

20.     Deny knowledge or information sufficient to form a belief as to the truth of the statements contained in paragraph 20 of the Complaint.

21.     Deny knowledge or information sufficient to form a belief as to the truth of the statements contained in paragraph 21 of the Complaint.

22.     Deny knowledge or information sufficient to form a belief as to the truth of the statements contained in paragraph 22 of the Complaint.

23.     Deny knowledge or information sufficient to form a belief as to the truth of the statements contained in paragraph 23 of the Complaint.

## AS AND FOR AN ANSWER TO THE FACTS

24. Deny knowledge or information sufficient to form a belief as to the truth of the statements contained in paragraph 24 of the Complaint.

25. Deny knowledge or information sufficient to form a belief as to the truth of the statements contained in paragraph 25 of the Complaint.

26. Deny knowledge or information sufficient to form a belief as to the truth of the statements contained in paragraph 26 of the Complaint.

27. Deny knowledge or information sufficient to form a belief as to the truth of the statements contained in paragraph 27 of the Complaint.

28. Deny knowledge or information sufficient to form a belief as to the truth of the statements contained in paragraph 28 of the Complaint.

29. Deny knowledge or information sufficient to form a belief as to the truth of the statements contained in paragraph 29 of the Complaint.

30. Deny the allegations contained in paragraph 30 of the Complaint.

31. Admit the allegations contained in paragraph 31 of the Complaint.

32. Deny the allegations contained in paragraph 32 of the Complaint.

33. Deny the allegations contained in paragraph 33 of the Complaint.

34. Deny the allegations contained in paragraph 34 of the Complaint.

35. Admit that the driver was off-duty NYPD Detective defendant MICHAEL SIMMONDS.

36. Deny the allegations contained in paragraph 36 of the Complaint.

37. Deny the allegations contained in paragraph 37 of the Complaint, and state that SIMMONDS called 911.

38.     Deny the allegations contained in paragraph 38 of the Complaint.

39.     Deny the allegations contained in paragraph 39 of the Complaint.

40.     Deny the allegations contained in paragraph 40 of the Complaint.

41.     Admit that Detective MICHAEL SIMMONDS had a handgun holstered at his waist as required by NYPD regulations.

42.     Admit the allegations contained in paragraph 42 of the Complaint.

43.     Admit that another vehicle stopped and provided a jack, but deny the remainder of the allegations contained in paragraph 43 of the Complaint.

44.     Deny the allegations contained in paragraph 44 of the Complaint.

45.     Deny the allegations contained in paragraph 45 of the Complaint.

46.     Deny the allegations contained in paragraph 46 of the Complaint.

47.     Deny the allegations contained in paragraph 47 of the Complaint.

48.     Deny the allegations contained in paragraph 48 of the Complaint.

49.     Deny the allegations contained in paragraph 49 of the Complaint.

50.     Admit that Det. SIMMONDS is approximately 6'5 and heavyset, deny the rest of the allegations contained in paragraph 50 of the Complaint.

51.     Deny the allegations contained in paragraph 51 of the Complaint.

52.     Deny the allegations contained in paragraph 52 of the Complaint.

53.     Deny the allegations contained in paragraph 53 of the Complaint.

54.     Deny knowledge or information sufficient to form a belief as to the truth of the statements contained in paragraph 54 of the Complaint, except deny that plaintiff was "assaulted."

55.     Deny the allegations contained in paragraph 55 of the Complaint.

56.     Deny the allegations contained in paragraph 56 of the Complaint.

57.     Deny knowledge or information sufficient to form a belief as to the truth of the statements contained in paragraph 57 of the Complaint.

58.     Admit the allegations contained in paragraph 58 of the Complaint.

59.     Admit the allegations contained in paragraph 59 of the Complaint.

60.     Deny the allegations contained in paragraph 60 of the Complaint.

61.     Deny the allegations contained in paragraph 61 of the Complaint.

62.     Deny the allegations contained in paragraph 62 of the Complaint.

63.     Deny the allegations contained in paragraph 63 of the Complaint.

64.     Admit that Det. SIMMONDS maintained possession of his off-duty gun, but deny the remainder of the allegations contained in paragraph 64 of the Complaint.

65.     Deny the allegations contained in paragraph 65 of the Complaint.

66.     Admit that SIMMONDS made this statement, but deny that said statement was false.

67.     Deny the allegations contained in paragraph 67 of the Complaint.

68.     Deny knowledge or information sufficient to form a belief as to the truth of the statements contained in paragraph 68 of the Complaint.

69.     Deny knowledge or information sufficient to form a belief as to the truth of the statements contained in paragraph 69 of the Complaint.

70.     Deny knowledge or information sufficient to form a belief as to the truth of the statements contained in paragraph 70 of the Complaint.

71.     Deny knowledge or information sufficient to form a belief as to the truth of the statements contained in paragraph 71 of the Complaint.

72.     Admit that Sergeant Loweth spoke to Det. SIMMONDS who told him exactly what happened.

73.     Deny knowledge or information sufficient to form a belief as to the truth of the statements contained in paragraph 73 of the Complaint.

74.     Deny knowledge or information sufficient to form a belief as to the truth of the statements contained in paragraph 74 of the Complaint.

75.     Deny knowledge or information sufficient to form a belief as to the truth of the statements contained in paragraph 75 of the Complaint.

76.     Deny knowledge or information sufficient to form a belief as to the truth of the statements contained in paragraph 76 of the Complaint.

77.     Deny knowledge or information sufficient to form a belief as to the truth of the statements contained in paragraph 77 of the Complaint.

78.     Deny knowledge or information sufficient to form a belief as to the truth of the statements contained in paragraph 78 of the Complaint.

79.     Deny knowledge or information sufficient to form a belief as to the truth of the statements contained in paragraph 79 of the Complaint.

80.     Deny that SIMMONDS assaulted Plaintiff, otherwise deny knowledge or information sufficient to form a belief as to the truth of the rest of the statements contained in paragraph 80 of the Complaint.

81.     Admit that Plaintiff was arrested for harassment and menacing.

82.     Deny knowledge or information sufficient to form a belief as to the truth of the statements contained in paragraph 82 of the Complaint.

83.     Deny knowledge or information sufficient to form a belief as to the truth of the statements contained in paragraph 83 of the Complaint.

84.     Deny knowledge or information sufficient to form a belief as to the truth of the statements contained in paragraph 84 of the Complaint.

85.     Admit that Plaintiff was arrested.

86.     Deny knowledge or information sufficient to form a belief as to the truth of the statements contained in paragraph 86 of the Complaint.

87.     Deny knowledge or information sufficient to form a belief as to the truth of the statements contained in paragraph 87 of the Complaint.

88.     Deny knowledge or information sufficient to form a belief as to the truth of the statements contained in paragraph 88 of the Complaint.

89.     Deny the allegations contained in paragraph 89 of the Complaint.

90.     Admit that Plaintiff and five other people surrounded SIMMONDS and said, "If you don't give us $500 for the dog we're going to put you underneath the car." Otherwise, deny knowledge or information sufficient to form a belief as to the truth of the remainder of the statements contained in paragraph 90 of the Complaint.

91.     Deny the allegations contained in paragraph 91 of the Complaint.

92.     Deny knowledge or information sufficient to form a belief as to the truth of the statements contained in paragraph 92 of the Complaint.

93.     Deny knowledge or information sufficient to form a belief as to the truth of the statements contained in paragraph 93 of the Complaint.

94.     Deny knowledge or information sufficient to form a belief as to the truth of the statements contained in paragraph 94 of the Complaint.

95.     Deny knowledge or information sufficient to form a belief as to the truth of the

statements contained in paragraph 95 of the Complaint.

## AS AND FOR AN ANSWER TO DAMAGES

96.     Deny the allegations contained in paragraph 96 of the Complaint.

97.     Deny the allegations contained in paragraph 97 of the Complaint.

## AS AND FOR AN ANSWER TO COUNT I

### 42 U.S.C. § 1983: Malicious Prosecution in Violation of the Fourth and Fourteenth Amendments – All Individual Defendants.

98.     Defendant, answering paragraph 98 of the Complaint, repeats and realleges all of his

responses with full force and effect as fully set forth herein.

99.     Deny the allegations contained in paragraph 99 of the Complaint.

100.    Deny the allegations contained in paragraph 100 of the Complaint.

101.    Deny the allegations contained in paragraph 101 of the Complaint.

## AS AND FOR AN ANSWER TO COUNT II

### 42 U.S.C. § 1983: Excessive Force in Violation of the Fourth and Fourteenth Amendments – Det. Michael Simmonds.

102.    Defendant, answering paragraph 102 of the Complaint, repeats and realleges all of his

responses with full force and effect as fully set forth herein.

103.    Deny the allegations contained in paragraph 103 of the Complaint.

104.    Deny the allegations contained in paragraph 104 of the Complaint.

105.    Deny the allegations contained in paragraph 105 of the Complaint.

106.    Deny the allegations contained in paragraph 106 of the Complaint.

107.    Deny the allegations contained in paragraph 107 of the Complaint.

## AS AND FOR AN ANSWER TO COUNT III

### False arrest under New York State Law – All Defendants

108.    Defendant, answering paragraph 108 of the Complaint, repeats and realleges all of his responses with full force and effect as fully set forth herein.

109.    Deny the allegations contained in paragraph 109 of the Complaint.

110.    Deny the allegations contained in paragraph 110 of the Complaint.

111.    Deny the allegations contained in paragraph 111 of the Complaint.

112.    Deny the allegations contained in paragraph 112 of the Complaint.

113.    Deny the allegations contained in paragraph 113 of the Complaint.

114.    Deny the allegations contained in paragraph 114 of the Complaint.

115.    Deny the allegations contained in paragraph 115 as they may relate to defendant SIMMONDS.

116.    Deny the allegations contained in paragraph 116 of the Complaint.

## AS AND FOR AN ANSWER TO COUNT IV

### False imprisonment under New York State Law – All Defendants

117.    Defendant, answering paragraph 117 of the Complaint, repeats and realleges all of his responses with full force and effect as fully set forth herein.

118.    Deny the allegations contained in paragraph 118 of the Complaint.

119.    Deny the allegations contained in paragraph 119 of the Complaint.

120.    Deny the allegations contained in paragraph 120 of the Complaint.

121.    Deny the allegations contained in paragraph 121 of the Complaint.

122.    Deny the allegations contained in paragraph 122 of the Complaint.

123.    Admit the allegations contained in paragraph 123 of the Complaint.

124.    Deny the allegations contained in paragraph 124 of the Complaint.

## AS AND FOR AN ANSWER TO COUNT V

### Assault under New York State Law – Det. Simmonds, Defendant City of New York

125.    Defendant, answering paragraph 125 of the Complaint, repeats and realleges all of his responses with full force and effect as fully set forth herein.

126.    Deny the allegations contained in paragraph 126 of the Complaint.

127.    Deny the allegations contained in paragraph 127 of the Complaint.

128.    Deny the allegations contained in paragraph 128 of the Complaint.

129.    Deny any wrongdoing, otherwise admit the allegations contained in paragraph 129 of the Complaint as they may relate to defendant SIMMONDS.

## AS AND FOR AN ANSWER TO COUNT VI

### Battery under New York State Law – Det. Simmonds and City of New York

130.    Defendant, answering paragraph 130 of the Complaint, repeats and realleges all of his responses with full force and effect as fully set forth herein.

131.    Deny the allegations contained in paragraph 131 of the Complaint.

132.    Deny the allegations contained in paragraph 132 of the Complaint.

133.    Deny the allegations contained in paragraph 133 of the Complaint.

134.    Deny the allegations contained in paragraph 134 of the Complaint.

135.    Deny any wrongdoing, otherwise admit the allegations contained in paragraph 135 of the Complaint as they may relate to defendant SIMMONDS.

## AS AND FOR AN ANSWER TO COUNT VII

### Intentional Infliction of Emotional Distress – All Defendants

136. Defendant, answering paragraph 136 of the Complaint, repeats and realleges all of his responses with full force and effect as fully set forth herein.

137. Deny the allegations contained in paragraph 137 of the Complaint.

138. Deny the allegations contained in paragraph 138 of the Complaint.

139. Deny the allegations contained in paragraph 139 of the Complaint.

140. Deny the allegations contained in paragraph 140 of the Complaint.

141. Deny the allegations contained in paragraph 141 of the Complaint.

142. Deny any wrongdoing, otherwise admit the allegations contained in paragraph 142 of the Complaint as they may relate to defendant SIMMONDS.

143. Deny the allegations contained in paragraph 143 of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

144. The complainant fails to state any claim against Defendant SIMMONDS upon which relief may be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

145. Any injury alleged to have been sustained results from Plaintiff's own culpable, criminal and/or negligent or negative conduct or the culpable, criminal and/or negligent conduct of third parties and was not the proximate result of any act of Defendant SIMMONDS.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

146. Upon information and belief, the injuries or damages alleged in the Complaint may have been caused in whole or in part by the parties now or hereafter to be named as co-defendants or third-party defendants. Accordingly, liability of Detective SIMMONDS is, or may be limited, pursuant to the provisions of Article 16 of the CPLR.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

147.    That any sums of consideration paid or promised to Plaintiff by any person(s) or

corporation(s) claimed to be liable for the injuries or damages alleged in the Complaint shall

reduce any judgment rendered in favor of Plaintiff against Detective SIMMONDS to the extent

of the greater of either the sums or considerations paid or promised to Plaintiff or the amount of

the released tortfeasor's(s') equitable share(s) of the damages in accordance with General

Obligation Law §15-108, et.seq.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

148.    Plaintiff has failed to mitigate his alleged damages.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

149.    Defendant SIMMONDS has not violated any rights, privileges, or immunities under the

Constitution or laws of the United States or the State of New York or any political subdivision

thereof.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

150.    If any force was used by Defendant SIMMONDS, it was in self-defense, and thus the

result of the Plaintiff's own conduct, and was reasonable under the circumstances.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

151.    Plaintiff initiated any and all incidents involving Detective SIMMONDS alleged in the

Complaint.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

152.    There was probable cause for plaintiff's arrest and prosecution.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

153.    There is no factual basis for requesting the imposition of punitive damages against

Detective SIMMONDS.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

154.    Plaintiff's claim for punitive damages violates the Constitution of the United States and

the Constitution of the State of New York and various statutory proscriptions thereof.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

155.    Defendant SIMMONDS acted reasonably and in good faith in discharging his duties and

responsibilities and as such is entitled to qualified immunity from all claims asserted in the

Complaint.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

156.    Plaintiff is not entitled to recover damages against defendant SIMMONDS in this action

under 42 U.S.C. §1983.

## AS AND FOR A FIRST CROSS-CLAIM AGAINST
## DEFENDANT CITY OF NEW YORK

157.    If Plaintiff was caused damages as alleged in Plaintiff's Complaint, due to any culpable

conduct other than Plaintiff's own culpable conduct, then such damages were due to the culpable

conduct, negligent acts or omission or commission of the Defendant CITY OF NEW YORK, its

agents and/or servants other than the answering defendant.

## AS AND FOR A SECOND CROSS-CLAIM AGAINST
## DEFENDANT THE CITY OF NEW YORK

158.    As alleged in the Complaint, at all times relevant herein, Defendant SIMMONDS was

acting within the discharge and performance of his duties as a New York City Police Detective,

was not in violation of any rule or regulation of the New York City Police Department, and was acting within the scope of his employment.

159.     Should Defendant SIMMONDS be found liable and is found to have acted within the scope of his employment, then any liability to Plaintiff must therefore be assumed by Defendant CITY OF NEW YORK, pursuant to Section 50-K of the New York State General Municipal Law, and pursuant to the principles of *respondeat superior*, which, among other things, provides that Defendant SIMMONDS is entitled to be indemnified and held harmless by Defendant CITY OF NEW YORK.

### AS AND FOR A THIRD CROSS-CLAIM AGAINST DEFENDANT THE CITY OF NEW YORK

160.     Any costs which may be sustained by Defendant SIMMONDS, including attorney's fees, in the defense of this action are embraced within the provisions of General Municipal Law Section 50-k.

161.     Accordingly, Defendant SIMMONDS is entitled to recovery from Defendant City of New York, for such amounts as may be expended by his or on his behalf in the defense of this action.

162.     **WHEREFORE**, Defendant, SIMMONDS, respectfully demands judgment against Plaintiff dismissing Plaintiff's Complaint in its entirety, granting defendant SIMMONDS'S cross-claims against Defendant, CITY OF NEW YORK, and for such other and further relief as this Court deems just and proper.

Dated:     New York, New York
           October 25, 2024

Respectfully submitted
**KARASYK & MOSCHELLA, LLP**

By: JAMES M. MOSCHELLA
*Attorneys for Defendant Det. Simmonds*
233 Broadway, Suite 2340
New York, NY 10279
(212) 233-3800

**To:** **All Counsel**
**(Via ECF)**